UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-PS-O-

---

JEFFREY COLEMAN,

        Petitioner,

      -v-

UNITED STATES OF AMERICA,

        Respondent.

**DECISION AND ORDER**
09-CR-0158-001A

---

Petitioner, Jeffrey Coleman, who, on September 10, 2009, was convicted upon a plea of guilty to one count of wire fraud in violation of 18 U.S.C. § 1343 and sentenced to a total term of imprisonment of 33 months and ordered to provide restitution (Docket No. 59, Judgment), has filed a "Motion for Sentence Reconstruction under Rule 60(b)." (Docket No. 61.) Petitioner seeks a reduction in his sentence based on what he claims was the ineffective assistance of counsel. (*Id.*)

Petitioner claims and readily admits that the reason he is seeking this relief by means of a self-styled Motion for Sentence Reconstruction under Rule 60(b) is because the one year period of limitations for filing a Motion to Set Aside, Vacate or Correct Sentence under 28 U.S.C. § 2255 has expired.[1] Because this Motion is

---

[1]The Court notes that 28 U.S.C. § 2255(f) provides that "[a] one year period of limitations shall apply to a motion under this section [and that] the limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ." The date on which the judgment becomes final when a defendant does not file a notice of appeal was, at the time in question, ten days after the judgment is entered. *See Minaya v. U.S.*, No. 98 CR 561(JFK), 2002 WL 519734, at *2 (S.D.N.Y., April 4, 2002) (citing former Fed.R.App.P. 4(b)(1)(A)(i) (criminal defendant's notice of appeal must be filed within ten days after the

clearly a Motion to Vacate, Set Aside or Correct Sentence under § 2255, it must be construed as such and a petitioner cannot attempt to escape the limitations on such a Motion by simply titling or styling it as something other than what it is. *See Chambers v. U.S.*, 106 F.3d 472, 475 (2d Cir. 1997) (*Pro se* petitions should be characterized according to the relief sought, and not to the label given to them by pro se prisoners unlearned in the law); *see also James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002) ("[I]t is the substance of the petition, rather than its form, that" controls). Accordingly, the Court must recharacterize and construe the Motion for Sentence Reconstruction under Rule 60(b) as a Motion to Vacate, Set Aside of Correct Sentence Under 28 U.S.C. § 2255.

However, before the Court can recharacterize the instant Motion as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 it must first provide petitioner with notice of its intent to recharacterize the Motion and an opportunity for him to withdraw the Motion if he does not wish it be so recharacterized. *Adams v. United States* ("*Adams I*"), 155 F.3d 582, 584 (2d Cir. 1998) (*per curiam*), (because of the gate-keeping mechanism of 28 U.S.C. § 2255(h) that prohibits second or successive motions, a district court may not *sua sponte* recharacterize or convert a post-conviction motion, putatively brought under some other provision, as a motion pursuant to 28 U.S.C. § 2255 unless it

---

judgment is entered). The one-year period of limitations imposed by the AEDPA expired on September 20, 2010 or, in other words, 10 days after the judgment of conviction was entered on September 10, 2009 (Docket No. 59)..

2

first gives petitioner notice of said recharacterization or conversion and an opportunity to withdraw the motion and decline recharacterization); *see also* Castro v. United States, 540 U.S. 375 (2003) (adopting notice and opportunity "rule" of *Adams*).

Accordingly, the Court hereby notifies and advises petitioner that it intends to recharacterize this Motion for Sentence Reconstruction under Rule 60(b) as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, and that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second" or "successive" motions set forth in 28 U.S.C. § 2255.[2] If the petition is recharacterized as a motion under § 2255 it will also be subject to the one year period of limitations set forth in § 2255, and petitioner will be directed to show cause why the Motion should not be dismissed as being untimely. The recharacterization or conversion of this Motion for Sentence Reconstruction to a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 will occur, and the Clerk will be directed to open a new action and re-docket this Motion as a Motion to Vacate, Set Aside and Correct Sentence under 28 U.S.C. § 2255 in both that new action and this criminal proceeding, unless petitioner notifies the Court in writing by **January 11, 2011** that

---

[2]Section 2255 now contains a gate-keeping mechanism which requires a "second" or "successive" § 2255 motion, as defined in § 2244(b), be certified by a panel of the Court of Appeals to contain: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that not reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; see also 28 U.S.C. § 2244(b); *Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004). If the motion is not so certified, a movant cannot bring a § 2255 motion.

he either (1) consents to the recharacterization despite the consequences of recharacterization and the period of limitations set forth above or (2) voluntary withdraws the petition instead of having it recharacterized as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. If petitioner does not advise the Court in writing by January 11, 2011, of either his consent to the recharacterization of this Motion for Sentence Reconstruction under Rule 60(b) as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 or his voluntary withdrawal of this Motion, the Court will recharacterize this Motion as a Motion under § 2255 and proceed accordingly.[3]

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

Dated: Dec. 9, 2010

---

[3] If the petition is recharacterized by the Court, petitioner will be directed to show cause why the Motion should not be dismissed as untimely.